UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

ABBIE PLATT, *et al.*,          :
individually and in her        :
official capacity as           :    Civil Action
Chairwoman of the Loudoun      :    No. 1:24-cv-01873-MSN-IDD
County School Board,           :
                               :    March 13, 2026
          Plaintiffs,          :    10:25 a.m. - 10:45 a.m.
                               :
          v.                   :
                               :
LOUDOUN COUNTY SCHOOL          :
BOARD,                         :
                               :
          Defendant.           :
                               :
.............................:

TRANSCRIPT OF MOTION PROCEEDINGS
BEFORE THE HONORABLE MICHAEL S. NACHMANOFF,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs:       CONSOVOY MC CARTHY PLLC
                          Rachel C.T. Wyrick, Esquire
                          Cody Ray Milner, Esquire
                          *Pro hac vice*
                          1600 Wilson Boulevard, Suite 700
                          Arlington, VA 22301

                          Ian Prior, Esquire
                          *Pro hac vice*
                          611 Pennsylvania Avenue
                          Washington, D.C. 20003

For the Defendant:        MC GAVIN, BOYCE, BARDOT, THORSEN &
                          KATZ, P.C.
                          Heather Kathleen Bardot, Esquire
                          9990 Fairfax Boulevard, Suite 400
                          Fairfax, VA 20109

(Continued)

(Continued)

Court Reporter:            Diane Salters, B.S., CSR, RPR, RCR
                          Official Court Reporter
                          United States District Court
                          401 Courthouse Square
                          Alexandria, VA 22314
                          Email: Dianesalters.edva@gmail.com
                          Telephone: (301) 338-8033

Proceedings reported by machine shorthand.  Transcript produced by computer-aided transcription.

Proceedings

THE COURTROOM DEPUTY:  *Platt, et al. v. Mansfield, et al.*, Case Number 24-cv-1873.  Will the parties please note their appearances for the record.

MR. MILNER:  Good morning, Your Honor.  Cody Milner for the plaintiffs.  With me at counsel table is Rachel Wyrick and Ian Prior.

THE COURT:  Good morning to you all.

MS. BARDOT:  Good morning.  Heather Bardot on behalf of the defendants, Loudoun County and Ms. Mansfield.

THE COURT:  Good morning.

This matter comes on Defendants' motion to dismiss. The Court is familiar with the case.  We had extensive litigation on the TRO preliminary hearing.  The Court is familiar with the Fourth Circuit's decision, and now we're back on the motion to dismiss that had been postponed until the resolution of the Fourth Circuit's case.

So the matter has been fully briefed, and I'll hear briefly if there's anything you want to highlight.

MS. BARDOT:  Yes, Your Honor.  Unlike some of the other folks who said they would be brief and not repeat what's in their briefing, I'm going to be brief and not repeat what's in my briefing.  I do think the issue has been fully briefed. Most of the issues that are before you were before you on the preliminary injunction.  We've got the additional issues that pertain to Ms. Mansfield and the qualified immunity and why the

*Proceedings*

official capacity claim can't go forward, and so forth, and those are new issues for the Court's consideration.  But, I think, fundamentally, none of the claims state a claim, and it is appropriate for the Court to so rule at this time.  This is one of those somewhat unique cases on a 12(b)(6) where nothing's going to change because the cause of action arises out of a particular board meeting, that closed session -- not closed session -- public comment during a public school board meeting that's before Your Honor.  Nothing about it will ever change no matter what we do, and I would submit that if you look at that, which you can and should because it is central to the issues in this case, that it is easy for the Court to find, and the Court should find, that no as-applied violation has been stated.  I think that you found as much in ruling on the preliminary injunction.  Nothing's changed.  The Fourth Circuit found as much.  Nothing's changed.  Nothing can change.

The right to petition claim wasn't addressed by the Fourth Circuit.  It really wasn't addressed in too much depth by you previously, but I mean, we've cited the case law on that, which I think is on point.  It wasn't addressed by the plaintiffs in their reply.  If you have a different means to petition the fact that you think you've been cut off during this meeting isn't a cause of action.

And then we've got the facial violation.  I think you've addressed that previously.  I know that it went up on

*Proceedings*

*Davison* and *Steinberg*, heavy on that reliance on those cases. We also mention some other cases in our briefing, which was sort of like belt-and-suspenders approach, and I think the fact of the matter is even the Fourth Circuit has now told us that *Davison* doesn't apply there.  What the Fourth Circuit has also told us is that the words that are used are clear and unambiguous.  Those were mostly the criticized target and attack because that's what went up, but the other ones are civility and decorum, and I would just say that on a facial challenge, it's the hardest challenge to make.  Everybody knows what those words mean.  The cases we've cited support it.

So unless you have other questions for me either as to those issues or Ms. Mansfield herself, the claims against her, I will cede the lectern.

THE COURT:  Thank you.

Counsel.

MR. MILNER:  Thank you, Your Honor.  I will also endeavor to be painfully brief here and address primarily what's changed from the last time we were here.

The first thing that I think is a threshold matter that is going to address -- or go to most of the things in this motion to dismiss litigation is that the Fourth Circuit's factual findings on the preliminary injunction appeal are not controlling here.  Contrary to what my friend on the other side who wants to suggest, that is not dispositive.  That's a very

*Proceedings*

different standard.  It's a very different role for the fact-finder.  When we were here before, it was the likelihood of success, the highest bar we can try to achieve as plaintiffs at that early stage, and you were the one resolving the disputed facts.  It's entirely different now.  We have the lowest burden we can have.  It's only whether our claims are plausible and whether they rise above the nature, and all the disputed facts are drawn in our favor.  That's why we cited in our brief, the Supreme Court and the Fourth Circuit had both made clear that the findings of fact and conclusions of law made by a court granting or denying a preliminary injunction are not binding at a trial on the merits, therefore, they're not binding here --

THE COURT:  But we're not talking about any of these issues.  This is 12(b)(6).  This is just failure to state a claim, and I'm accepting as true the allegations in the complaint and whatever is integral, and you don't disagree that the videos are integral to the complaint, do you?

MR. MILNER:  No, Your Honor, we don't disagree that the videos and press release are both integral to the factual allegations that are made in the complaint.  The Fourth Circuit reference is mostly just a ground threshold level to make sure we're all on the same page here.  But the other thing I would say is that the videos and the press release do not resolve all the factual allegations made in this complaint.

*Proceedings*

Now they do serve a very important purpose.  Those serve to make abundantly clear exactly what words were said at exactly what points in time, and we have no wish to, you know, dispute any of that.  We agree the videos are accurate, the transcripts are accurate, and everything.

But there are still two fundamental buckets of factual allegations that we have made in the complaint that are not resolved solely from the videos.  Those buckets are the facts that go to selective enforcement, facts such as whether certain speakers are similarly situated or not, which the Fourth Circuit has instructed is a factual question for the ultimate fact-finder; whether there was disparate treatment; and the second bucket is whether there was post-hoc justification, whether the reasons that the defendants gave for their justifications, whether that was a true reason.  That's not completely abundantly -- or that's not abundantly clear from simply reading the words that were written in the press release because the question of post-hoc justification goes to content and intent and motivation.  Now, we've made allegations on that, and those allegations about the mindset that the defendants had when they were taking their actions, those allegations should be resolved in our favor based on the factual content that we have pled in the complaint.

Just very briefly, Your Honor, I would like to address the party-specific defenses of the defendants at this time.

First, I would say qualified immunity is completely inappropriate at this early stage for both for a legal reason and a factual reason. The legal reason is that my friend on the other side has insisted in the briefing that we have not established or proven our claim. That's not the standard for qualified immunity. We only have to allege a constitutional violation that it is clearly established. The right to be free from viewpoint discrimination has been established by every court in this country, and we have alleged that here.

The other distinction on qualified immunity that my friend on the other side wants to say is that Defendant Mansfield was simply entertaining discretion or exercising discretion when trying to stop attacks. But that is itself a factual conclusion. It goes to the heart of the case. Whether the actual reason she did that was to address personal attacks or to engage in viewpoint discrimination, qualified immunity is completely inappropriate at this time.

I would also briefly say that the official capacity claims, it's premature to dismiss those at this time. In general, Plaintiffs agree that official capacity claims can be dismissed when the officer is understood to be an alter ego of the municipality, but at this early stage before there's been any answer, before there's been any allocation of liability, and while in the briefing itself, the two individual defendants are blaming each other for whose authority the action was taken

under, it's still too early to have that dismissal.

The last thing I would note, Your Honor, is the raised mootness point as to the individual injunctive claims against Defendant Mansfield.  We have not seen any suggestion under Rule 25 that, you know, there's a different officer in place, but we have no reason to contest that.  Any official capacity claims will still run against her successor, or should run against her successor, but since Mansfield herself is no longer the chairwoman, we would agree that the injunctive complaints against her individual capacity are moot.

Your Honor, if there's no other questions, I would say for these reasons and the reasons in our brief, we would ask you to deny the motion to dismiss.

THE COURT:  Thank you.

MS. BARDOT:  Your Honor, just briefly.  To the extent that counsel indicates that there are buckets of factual allegations which are in dispute on this point of selective enforcement, the plaintiffs, in their complaint, have listed a handful of meetings -- June 22, 2021; February 27, 2024; March 12, 2024; April 9, 2024 -- those are the other meetings where they contend that there were people who were engaged in substantively identical speech who were treated differently. Again, that allegation is completely inaccurate when you look at the meetings.  And so you have -- it's not a factual dispute what happened at those other meetings either, and it is not

*Proceedings*

factually accurate that those people were engaged in substantively identical conversation and cut off. As this Court found previously, and as the Fourth Circuit found when they looked at those meetings, those folks weren't targeting any individual child, and so their selective enforcement claim is based on an allegation which is contradicted by the actual meeting upon which they claim it came out of. And so I would submit that is before the Court; and as the Court well knows, when you have something before you that contradicts an allegation, you may favor and should favor the actual document or recording or whatever. And so I would submit that is not a bucket of factual dispute that needs to be resolved by the Court because it's before the Court.

The issue with the post-hoc rationalization, I would submit, doesn't even come into play where there's not a constitutional violation in the first place, and I would submit there's no constitutional violation to address or look into whether there's some post-hoc rationalization. We've also addressed that issue in our briefing adequately, I believe.

On the qualified immunity issue with regard to Ms. Mansfield, I will stand on my briefing on that. I think it's well supported. The official capacity claim as well. The notion that it's premature, I've actually never even heard anybody raise because it's just so black letter law that if you bring a claim against a municipal entity and also against an

officer in their official capacity, they're one in the same and it goes out. So unless you have any other questions for me, I think I'll leave it to Your Honor.

THE COURT: All right. Well, thank you. I think I've had sufficient argument. I've reviewed the briefing. As I said, I'm familiar with the history of this case.

This matter comes before the Court on Defendants' motion to dismiss, which is Docket Entry 38. Plaintiffs are parents of students who attend or formerly attended Loudoun County Public Schools. The defendants are the Loudoun County School Board and its former chairperson Melinda Mansfield. Plaintiffs have alleged that LCSB's public participation Policy 2025 is unconstitutional as applied to their speech at a school board meeting on October 8, 2024, as an act of viewpoint discrimination violation of their First Amendment free speech rights and their First and Fourteenth Amendment right to petition. They have also asserted that the policy, in relevant part, is facially unconstitutionally vague.

Plaintiffs previously moved this Court for a temporary restraining order and preliminary injunction, which this Court denied. Defendants filed the current motion to dismiss on December 27, 2024, which was held in abeyance pending Plaintiffs' appeal of this Court's TRO and PI ruling to the Fourth Circuit. The Fourth Circuit has now affirmed this Court's ruling on those motions, and Defendants' motion to

*Proceedings*

dismiss is now ripe for disposition.

The Court has reviewed the motion, the parties' briefing, the Fourth Circuit's opinion on the Court's prior rulings.  For the following reasons, the Court will grant the motion and dismiss this matter with prejudice.

Under Rule 12(b)(6), the Court must dismiss a claim when the complaint fails to state a claim upon which relief can be granted.  To survive a motion to dismiss under Rule 12(b)(6), the complaint must allege facts sufficient to state a claim to relief that is plausible on its face.  In considering such a motion, the Court must accept as true all of the factual allegations contained in the complaint and must draw all reasonable inferences in favor of the plaintiffs, but need not credit conclusory allegations.

As an initial matter, the Court observes that the current record, including video recordings of school board public comment periods, which the parties agree are public records, and Defendants' October 9th media statement, is the same as that before the Court on the prior TRO/PI motions and as that before the Fourth Circuit on appeal.  The Court gives due regard to the Fourth Circuit's ruling on appeal while acknowledging that the motion to dismiss standard is different from that on a temporary restraining order or a preliminary injunction and is more favorable to Plaintiffs.

Turning first to Count I, Plaintiffs claim that

*Proceedings*

Defendants have violated their free speech rights by applying Policy 2520 in a viewpoint discriminatory manner in interrupting their comments during the October 8, 2024, school board meeting public comment period.  The allegations and the record do not support this claim.  The public comment period constitutes a limited public forum, and in relevant part, Policy 2520 prohibits targeting, criticizing, or attacking an individual student.  Plaintiffs and other speakers were allowed to share their views on safety and criticize the school board generally.  The evidence is clear that the plaintiffs were only interrupted when they veered into targeting a specific student, in violation of Policy 2520.  The other speakers that Plaintiff identifies as similarly situated but not interrupted or as examples of other persons who were discriminated against are not so.  They either did not reference a specific student or violated other policies, such as exceeding time allotments.

Additionally, Plaintiff's post-hoc rationalization theory fails.  Considering Defendant Mansfield quoting the relevant portion of Policy 2520 at the beginning of the public comment period, Mansfield referring to civility and decorum, applicable confidentiality requirements, and personally identifiable information in interrupting Plaintiffs and her request for one plaintiff to redirect public comment away from a student, the whole of Defendants' October 9, 2024, media statement and Mansfield citing Policy 2520's targeting,

*Proceedings*

criticizing, or attacking provision as the reason for the October 8, 2024, interruptions of Plaintiffs at the following public meeting, the Court does not agree that this constitutes shifting explanations by Defendants.  Like the Fourth Circuit described in *Starbuck v. Williamsburg James City County School Board*, 28 F.4th 529, Fourth Circuit 2022, Defendants here have not mischaracterized or changed the basis for the interruptions of Plaintiffs, but, at best, used slightly different words to describe that basis.  And as the Fourth Circuit identified here, the October 9th statement's concern with protecting students from invasions of privacy and false allegations is aligned with the considerations underlying the relevant part of Policy 2520, and the same is true of Mansfield's explanations immediately following her interruptions of Plaintiffs.

Separately, as to Plaintiff Smith and Satterfield specifically, they were not interrupted by Defendants, but, rather, not permitted to speak at all.  There is no suggestion that Defendants ever knew of their viewpoints prior to denying them the opportunity to speak.  As the Third Circuit concluded in *Galena* -- 630 F.3d 186, Third Circuit 2011 -- it is impossible to conclude that the hostility to their viewpoint motivated Defendants; thus, Count I fails to state a claim and will be dismissed with prejudice.

As for Count II, Plaintiffs' claim that their First and Fourteenth Amendment rights to petition have been violated

Proceedings

by the same discriminatory conduct underlying Count I.  As in *Foley v. City of Loveland* -- 2025 WL at 2613739, District of Colorado, September 10th -- this Court treats the right to petition and the right to free speech asserted by Plaintiffs as related and subject to the same constitutional analysis because both rights were burdened in the same manner.  However, because Count I fails to state a claim, so does Count II; and, thus, Count II; and, thus, Count II will also be dismissed with prejudice.

Turning to Count III, Plaintiffs' claims that Sections (A)(1), (A)(2), apart from its profanity provisions, and (A)(3) of Policy 2520 are unconstitutionally vague.

On the current motion, Plaintiffs only maintain their attack on Section (A)(3)'s targeting, criticizing, and attacking provisions.  It is well established that a statute is void for vagueness if its prohibitions are not clearly defined. As articulated in *Moody v. NetChoice*, 603 U.S. 707, 2024, in the First Amendment context, Plaintiffs are not required to show that the challenged provisions are not valid in any circumstance, but must still show a substantial number of the law's applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep; thus, Plaintiffs must show that the challenged part of Policy 2520 does not give reasonable notice of the prohibited conduct or does not establish minimal guidelines to govern their application.

*Diane Salters, B.S., CSR, RPR, RCR*
Official Court Reporter

*Proceedings*

Plaintiffs cannot carry this burden.  The Court did not rely on *Davison*, *Steinberg*, *Ison*, or *Moms for Liberty* in considering the question because those cases do not bear on vagueness.  Rather, as discussed by the Fourth Circuit, the terms "target," "criticize," and "attack" are all common words with generally well-known definitions, and an ordinary person exercising ordinary common sense would not find them excessively subjective and would understand what they mean.

Plaintiffs also cannot challenge Policy 2520 as vague because it clearly proscribes their conduct.  And Defendants' claim that the policy is vague based on arbitrary enforcement given the existence of a pattern of discriminatory enforcement fails for the reasons articulated as to Count I.

Lastly, having considered the parties' independent Section 1983-specific arguments, the Court finds that all claims apart from those against Defendant Mansfield, in her individual capacity, for money damages and *Monell* Count III against LCSB are independently barred.  In any case, all counts in the complaint fail to state a claim against either defendant.  Accordingly, the motion to dismiss is granted, and the matter is dismissed with prejudice.

Thank you, Counsel.  Court will be in recess.

                    *        *        *        *        *

<u>CERTIFICATE OF REPORTER</u>

I, Diane Salters, hereby certify that the foregoing transcript is a true and accurate record of the stenographic proceedings in this matter.

/s/ Diane Salters

_____

Diane Salters, CSR, RCR, RPR
Official Court Reporter